**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

```
CATHERINE MENCY,                      )  NO. CV 08-2680-E
                                      )
                Plaintiff,            )
                                      )
       v.                             )  MEMORANDUM OPINION
                                      )
MICHAEL J. ASTRUE, COMMISSIONER       )  AND ORDER OF REMAND
OF SOCIAL SECURITY ADMINISTRATION,    )
                                      )
                Defendant.            )
                                      )
_____)
```

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on April 29, 2008, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on July 28, 2008.

Plaintiff filed a motion for summary judgment on October 30, 2008.[1] Defendant filed a motion for summary judgment on November 25, 2008. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed May 5, 2008.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff asserts disability since January 1, 2001 or December 1, 2003, based on, inter alia, alleged mental impairments (Administrative Record ("A.R.") 101-23, 354-61). Dr. Nasir, one of Plaintiff's treating physicians, opined on April 30, 2007, that Plaintiff's alleged mental illness markedly limits Plaintiff in numerous respects (A.R. 230-31). Dr. Kim, another of Plaintiff's treating physicians, once rated Plaintiff's Global Assessment of Functioning ("GAF") at 50 (A.R. 187). Dr. Waldron, another of Plaintiff's treating physicians, opined Plaintiff suffers from depression, although Dr. Waldron apparently has not rated the severity of the alleged depression (A.R. 271).

The Administrative Law Judge ("ALJ") found Plaintiff has no severe mental impairment (A.R. 15). In rejecting the contrary opinion of Dr. Nasir, the ALJ asserted, inter alia, that the opinion was "not supported by Dr. Nasir's treatment notes . . ." (A.R. 15). The ALJ denied benefits (A.R. 10-20). The Appeals Council denied review (A.R. 4-6).

---

[1] Plaintiff's motion violates the 10-page limit imposed by the Court's scheduling order. See "Order," filed May 5, 2008, at ¶ VI. Counsel for Plaintiff should heed court orders in the future.

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used proper legal standards. See Swanson v. Secretary, 763 F.2d 1061, 1064 (9th Cir. 1985).

**DISCUSSION**

Social Security Ruling ("SSR") 85-28[2] governs the evaluation of whether an alleged impairment is "severe":

> An impairment or combination of impairments is found 'not severe' . . . when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work . . . i.e., the person's impairment(s) has no more than a minimal effect on his or her physical or mental ability(ies) to perform basic work activities . . .

///
///

> Great care should be exercised in applying the not severe impairment concept.  If an adjudicator is unable

---

[2] Social Security rulings are binding on the Administration. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

3

>     to determine clearly the effect of an impairment or
>     combination of impairments on the individual's ability
>     to do basic work activities, the sequential evaluation
>     process should not end with the not severe evaluation
>     step.
>
>     If such a finding [of non-severity] is not clearly
>     established by medical evidence, however, adjudication
>     must continue through the sequential evaluation process.
>     SSR 85-28 at 22-23.

See also Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996) (the severity concept is "a de minimis screening device to dispose of groundless claims").

In the present case, the medical evidence does not "clearly establish [ ]" the non-severity of Plaintiff's alleged mental impairments. "A GAF between 41 and 50 indicates serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." Morgan v. Commissioner, 169 F.3d 595, 598 n.1 (9th Cir. 1999); see Castaneda v. Apfel, 2001 WL 210175 *3 (D. Or. Jan. 18, 2001) (GAF in this range "is indicative of a disabling level of impairments"). Plaintiff has received treatment and medication for her alleged mental impairments (A.R. 222, 271). Dr. Nasir apparently believes Plaintiff's alleged mental impairments to be not only severe but disabling (A.R. 230-31). The record contains considerable conflicting evidence, but these

conflicts in the evidence do not "clearly establish" the non-severity of Plaintiff's alleged mental impairments. Accordingly, the Administration's decision violated SSR 85-28 and the Ninth Circuit authorities cited above.

In attempted avoidance of this conclusion, Defendant argues that "an ALJ [properly] resolves conflicts and ambiguities in the medical evidence . . ." (Defendant's Motion at 10). Whenever the medical evidence concerning the severity of an alleged impairment is "ambiguous," however, an ALJ errs by finding that the alleged impairment is not severe. See Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005).

The respect ordinarily owed to treating physicians' opinions buttresses the Court's conclusion that the ALJ erred. Treating physicians' opinions "must be given substantial weight." Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988); see Rodriquez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must give sufficient weight to the subjective aspects of a doctor's opinion . . . This is especially true when the opinion is that of a treating physician") (citation omitted). Even where the treating physician's opinions are contradicted,[3] "if the ALJ wishes to disregard the opinion[s] of the treating physician he . . . must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987)

---

[3] Rejection of an uncontradicted opinion of a treating physician requires a statement of "clear and convincing" reasons. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Gallant v. Heckler, 753 F.2d 1450, 1454 (9th Cir. 1984).

(citation, quotations and brackets omitted); see Rodriquez v. Bowen, 876 F.2d at 762 ("The ALJ may disregard the treating physician's opinion, but only by setting forth specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence") (citation and quotations omitted); McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) ("broad and vague" reasons for rejecting the treating physician's opinions do not suffice).

Section 404.1512(e) of 20 C.F.R. provides that the Administration "will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all of the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques." See Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996) ("If the ALJ thought he needed to know the basis of Dr. Hoeflich's opinions in order to evaluate them, he had a duty to conduct an appropriate inquiry, for example, by subpoenaing the physicians or submitting further questions to them. He could also have continued the hearing to augment the record") (citations omitted); see also Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983) ("the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered"). In the present case, the ALJ should not have rejected Dr. Nasir's opinions as allegedly unsupported by treatment notes without first seeking clarification of the bases for Dr. Nasir's opinions. See id.

When a court reverses an administrative determination, "the

proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." INS v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984).

The Ninth Circuit's decision in Harman v. Apfel, 211 F.3d 1172 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) ("Harman") does not compel a reversal rather than a remand of the present case. In Harman, the Ninth Circuit stated that improperly rejected medical opinion evidence should be credited and an immediate award of benefits directed where "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." Harman at 1178 (citations and quotations omitted). Assuming, arguendo, the Harman holding survives the Supreme Court's decision in INS v. Ventura, 537 U.S. 12, 16 (2002),[4] the Harman holding does not direct reversal of the present case. Here, the Administration must recontact Dr. Nasir concerning "outstanding issues that must be resolved before a determination of disability can be made." Further, it is not clear from the record that the ALJ would be required to find

---

[4] The Ninth Circuit has continued to apply Harman despite INS v. Ventura. See Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004).

1  Plaintiff disabled for the entire claimed period(s) of disability were
2  the opinions of Dr. Nasir credited.

**CONCLUSION**

For all of the foregoing reasons,[5] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: December 3, 2008.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[5] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that a directive for the immediate payment of benefits would be inappropriate.

8